IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-592-FL

| | | |
|---|---|---|
| ROBERT ELIAS MARGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| N.C. DETECTIVE AGENCY, ROGER | ) | |
| LADD, President, and KEVIN LADD, | ) | |
| V.P., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 24). The issues raised are ripe for ruling. For the reasons that follow, defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, initiated this action on December 18, 2018, wherein plaintiff complains he was unlawfully terminated from employment with defendant N.C. Detective Agency ("NCDA") because of disability, in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.. In opposition to the instant motion, plaintiff contends that he exhausted his administrative remedies because he filed a charge with the Equal Employment Opportunity Commission ("EEOC") and told the EEOC he had been terminated. Plaintiff seeks to rely upon communications between him and defendants, settlement documents from his worker's

compensation claim, his EEOC charge, his right to sue letter, and a benefits decision from the Department of Veterans Affairs.

## STATEMENT OF FACTS

The facts in the complaint and attached exhibits[1] may be summarized as follows. Plaintiff was hired by defendant NCDA as a security guard on April 15, 2018. (EEOC Charge (DE 1-7) at 1). On May 6, 2018, plaintiff sustained injury to his left foot and ankle after he slipped and twisted the same. (Workers Compensation Settlement (DE 1-6) at 2). Later that same day, plaintiff's immediate supervisor, Mr. Arlando LNU ("Arlando"), directed plaintiff to get out of the guard booth to check identification. (EEOC Charge (DE 1-7) at 1). Plaintiff refused, explaining he could not do so because of an injury sustained while on duty. (EEOC Charge (DE 1-7) at 1). Arlando responded "you are done, I don't care if you are injured, I'll have your job." (EEOC Charge (DE 1-7) at 1). Arlando reported the incident to defendant Roger Ladd ("R. Ladd"), plaintiff's boss, who immediately transferred plaintiff to a different work site. (EEOC Charge (DE 1-7) at 1). Plaintiff filed charges with the EEOC, alleging disability discrimination based on the above transactions. (Compl. at 5; EEOC Charge (DE 1-7) at 1).

On or around September 22, 2018, defendant Kevin Ladd ("K. Ladd"), vice-president of defendant NCDA, called plaintiff and terminated his employment. (Compl. at 2, 5; Correspondence (DE 1-2) at 1-3). Defendant K. Ladd elaborated that plaintiff had failed to report for work and did not have a doctor's note excusing his absence for injury. (Compl. at 5; Correspondence (DE 1-2) at 1-3). Defendant K. Ladd allegedly said plaintiff had called out sick for "nonsense," and "you're fired; I don't care if you have Workers Comp Case; you're still fired." (Compl. at 5; Letter to

---

[1] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

Counsel (DE 1-4) at 1).

Plaintiff settled his worker's compensation claim for his ankle injury with defendant NCDA on November 6, 2018. (Workers Compensation Settlement (DE 1-6) at 2). Plaintiff received his right to sue letter on November 30, 2018. (Right to Sue Letter (DE 1-8) at 1).

## COURT'S DISCUSSION

A.    Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.    Analysis

Defendants move to dismiss, contending that plaintiff failed to exhaust his administrative remedies. Specifically, they argue plaintiff's EEOC charge, which involved plaintiff's transfer to another work site, did not address disability discrimination involving plaintiff's termination.

The ADA prohibits unlawful discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112. The ADA incorporates by reference the powers, remedies, and

3

procedures set forth in Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). 42 U.S.C. § 12117. Title VII in turn requires that a plaintiff exhaust administrative remedies before filing suit in federal court. 42 U.S.C. §§ 2000e-5(b), (f)(1). A failure to exhaust administrative remedies deprives the court of subject matter jurisdiction. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 409 (4th Cir. 2013); Jones v. Calvert Grp., Ltd., 551 F. 3d 297, 300-01 (4th Cir. 2009).

In order to exhaust remedies, an employee must first contact the EEOC and present it with information supporting the allegations. Balas, 711 F.3d at 407 (citing 29 C.F.R. § 1601.6). Typically, the EEOC will then assist the individual in preparing a charge, and sending a notice and copy of the charge to the employer. Id. at 407. This gives the employer an opportunity to voluntarily investigate and resolve concerns internally as the EEOC conducts its own investigation. Id. If the EEOC finds "reasonable cause to believe that the charge is true," it may seek to eliminate unlawful employment practices through conference, conciliation, and persuasion. Id.; see 42 U.S.C. § 2000e-5(b). The EEOC may file a lawsuit or issue the employee a Notice-of-Right-to-Sue in the event the EEOC fails to reach a voluntary settlement with the employer, or if the EEOC does not find "reasonable cause to believe that the charge is true," or when the employee requests a right to sue. Balas, 711 F.3d at 407; see 29 C.F.R. §§ 1601.27-28.

In any subsequent lawsuit, the court "may only consider those allegations included in the EEOC charge" in order to determine whether plaintiff has exhausted his remedies. Balas, 711 F.3d at 407. If the claims "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, [the claims in the civil action] are procedurally barred." Id. at 407-08 (quoting Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005)). "[A] plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different

time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." <u>Chacko</u>, 429 F.3d at 506, 511. "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114 (2002).

However, the administrative charge "does not strictly limit a . . . suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." <u>Chisholm v. United States Postal Serv.</u>, 665 F.2d 482, 491 (4th Cir. 1981); <u>see also</u> <u>Dennis v. County of Fairfax</u>, 55 F.3d 151, 156 (4th Cir. 1995) (holding claims barred which "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof."). "[I]f the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." <u>Chacko</u>, 429 F.3d at 509. Finally, "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." <u>Alvarado v. Bd. of Trs. of Montgomery Cnty. Cmty. Coll.</u>, 848 F.2d 457, 460 (4th Cir. 1988).

Plaintiff's EEOC charge does not mention his termination. Plaintiff alleges that he was unlawfully discharged, while his EEOC charge describes transfer from one work site to another. (Compl. at 3-5; EEOC Charge (DE 1-7) at 1). The complaint involves conduct by defendant K. Ladd, while the EEOC charge addresses conduct by defendant R. Ladd and Arlando. (Compl. at 4; EEOC Charge (DE 1-7) at 1). Additionally, plaintiff's complaint and the EEOC charge allege different time frames. Plaintiff's termination occurred on September 22, 2018, in contrast to his transfer, which occurred four and a half months prior. (<u>See</u> Compl. at 4; EEOC Charge (DE 1-7)

at 1).  A reasonable investigation of plaintiff's charge by the EEOC would not develop the facts supporting the claims in plaintiff's complaint.

Plaintiff argues that he did file an EEOC charge against defendant NCDA, and that plaintiff "did inform the EEOC that termination of employment took place."  (Pl. Resp. (DE 28) at 2). Plaintiff's argument is both unsupported and irrelevant.  See Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 595 (4th Cir. 2012) (internal citation omitted) ("The touchstone for exhaustion is whether plaintiff's administrative and judicial claims are 'reasonably related[.]'").  Plaintiff's complaint and the EEOC charge are not reasonably related, because "his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." Chacko, 429 F.3d at 506, 511. Plaintiff's claim of disability discrimination is dismissed without prejudice for lack of subject matter jurisdiction.  See Jones, 551 F.3d at 301.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction (DE 24) is GRANTED.  Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of May, 2019.


LOUISE W. FLANAGAN
United States District Judge

6